IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                  Criminal No. 3:17cr40

PHILLIP HILL

**MEMORANDUM OPINION**

This matter is before the Court on the RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT ("RENEWED MOTION") (ECF No. 58); the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 64); and MR. HILL'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 67). For the reasons set forth below, the RENEWED MOTION FOR COMPASSIONATE RELEASE (ECF No. 58) will be denied without prejudice to the refiling of a SECOND RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT.

**BACKGROUND**

On two occasions in September 2016, Phillip Hill sold cocaine to a confidential informant. The first transaction involved 25.43 grams of cocaine for which Hill received $1,200.00. The second occasion involved 32.58 grams of cocaine for which Hill received

$1,400.00. Those events led to two charges of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Hill pled guilty to both counts without benefit of a plea agreement. Hill was treated as career offender because of two previous felony controlled substance convictions (Presentence Report, ECF No. 62, ¶ 19. At sentencing, the Base Offense Level was 14 (based on 58.01 grams of cocaine); the Adjusted Offense Level was 32 based on the career offender enhancement. After acceptance of responsibility, the Total Offense Level was 29. The Criminal History Category was VI (again based on the career offender enhancement) and the sentencing range was 151 to 188 months. On September 21, 2017, Hill was sentenced to 151 months of incarceration on each count, the sentences to run concurrently.

If Hill were sentenced today, the conspiracy to distribute and possess with the intent to distribute five grams or more of cocaine base imposed in 2005[1] would no longer count as a predicate offense for the Career Offender guidelines enhancement. So, the Base Offense Level would be 14, and the Total Offense Level would be 12 after acceptance of responsibility. The Criminal History Category would be IV and the guideline range for imprisonment would be 21 to 27 months. Hill has been incarcerated since the date of

---

[1] Presentence Report (ECF No. 62, ¶ 24).

his arrest in 2017, and his projected release date from the Bureau of Prisons is July 11, 2028. (Worksheet in Response to Motion for Compassionate Release, ECF No. 48).

Hill's RENEWED MOTION FOR COMPASSIONATE RELEASE is accurately encapsulated by the following quotation from the RENEWED MOTION:

> If sentenced today, Mr. Hill would not be a career offender. Based on the Fourth Circuit's opinion in United States v. McCoy, 981 F.3d 271 (4th Cir. 2021), the 124-month disparity between his current sentence and his advisory guideline range if he were sentenced today is an 'extraordinary and compelling reason' for his compassionate release.

(ECF No. 58, p. 1).

## DISCUSSION

### I. The Statutory Framework

The applicable statute, 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that—(i) extraordinary and compelling reasons warrant such a reduction." It is settled that the burden is on Hernandez-Ordonez to prove that extraordinary and compelling conditions exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).

As the United States Court of Appeals for the Fourth Circuit recently explained:

3

Congress authorized "compassionate release" in 18 U.S.C. § 3582(c)(1)(A). That provision begins with the general rule that a "court may not modify a term of imprisonment once it has been imposed." Id. It then describes an exception to that rule, in which courts may consider motions made by defendants who have exhausted their administrative remedies and are seeking a sentence modification. Id.; see also United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). A court can grant a compassionate release motion if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and (3) that the § 3553(a) factors weigh in favor of granting relief, "to the extent that they are applicable." See § 3582(c)(1)-(2).

Elements one and two are supposed to work together. Because "[§]3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release," the "Sentencing Commission, pursuant to authority granted it by Congress," does so instead. McCoy, 981 F.3d at 276 (quoting § 3582(c)(1)(A)(i)). But that only works when there is an applicable policy statement. . . . Without a policy statement applicable to compassionate release motions made by defendants, the district court had discretion to make its "own independent determination of what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A) . . . ." Id. at 284 (cleaned up).

If a district court finds extraordinary and compelling circumstances warrant a sentence reduction, it must then consider whether the factors in § 3553(a) support such a decrease. The § 3553(a) factors include "the nature and circumstances of the offense" as well as the defendant's history and characteristics, the "kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been

4

> found guilty of similar conduct." § 3553(a)(1), (3), (6). They also include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to deter criminal conduct, to protect the public and to provide the defendant with appropriate resources such as "medical care" and "vocational training." Id. § 3553(a)(2). But district courts are only required to address the § 3553(a) factors "to the extent that they are applicable." § 3553(a).

United States v. Burleigh, 145 F.4th 541, 547-48 (4th Cir. 2025) (emphasis added).

These principles guide the analysis of Hill's RENEWED MOTION.

## II. The Exhaustion Requirement

To begin, the Court may consider a motion for compassionate release only if the defendant has fully exhausted all administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the Warden of the defendant's facility whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). If the defendant has administratively exhausted his claim for release or the Government does not contest the exhaustion requirement, the district court will conduct a two-step inquiry to decide whether to reduce the defendant's sentence under the statute. United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

5

Hill filed a request for compassionate release with the Warden of the facility where he was incarcerated in the spring of 2023. The Warden denied that request on May 1, 2023 (ECF No. 58-2). Hill filed the RENEWED MOTION on May 9, 2023 (EFF No. 58). Sometime thereafter, the Bureau of Prisons moved Hill to another prison. The United States did not respond to ECF No. 58 until February 23, 2024, and then it belatedly raised the exhaustion requirement, arguing that Hill had not made a request for relief to the Warden of the prison to which he was transferred. There is no authority to support that position. Under the facts of this case, the exhaustion requirement is satisfied.

### III. Extraordinary and Compelling Reasons

As explained previously, the RENEWED MOTION is predicated on the decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2021). In McCoy, the Fourth Circuit explained that, in the absence of a policy statement (as to which the Court found there was none that applied to inmate filed motions), the district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d at 284. However, at the time of McCoy there was not an applicable policy statement. Now, there is. It is § 1B1.13(b), and it provides as follows:

> (b) EXTRAORDINARY AND COMPELLING REASONS.[2]—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
> (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT
> (2) AGE OF THE DEFENDANT
> (3) FAMILY CIRCUMSTANCES OF THE DEFENDANT
> (4) VICTIM OF ABUSE
> (5) OTHER REASONS.— The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

And, § 1B1.13(c) and (d) provide:

> (c) LIMITATIONS ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.
>
> (d) REHABILITATION OF THE DEFENDANT.—Pursuant to 28 U.S.C. § 944(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this

---

[2] Subsections (1) – (4) have no application to this case so only the titles of the subsections are set out above.

>policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(b)(1)-(6), (c), (d).

So, Hill must satisfy the requirements of § 1B1.13(b)(1). In his case, there are two. First, there is subsection (6) entitled Unusually Long Sentence. It permits consideration of a change in law in determining whether the defendant presents an extraordinary and compelling reason for compassionate release, <u>if</u> the defendant received an unusually long sentence <u>and</u> has served at least ten years of it, "<u>but only</u> where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, <u>and</u> after full consideration of the defendant's individualized circumstances." § 1B1.13(b)(6) (emphasis added).

However, § 1B1.13(c) provides a limitation on the unusually long sentence provision in § 1B1.13(b)(6). In particular, subsection (c) provides that the change in law referred to in subsection (b)(6) "<u>shall not be considered</u> for purposes of <u>determining</u> whether an <u>extraordinary and compelling reason exists</u> under this policy statement." Subsection (c) goes on to say that, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy

8

statement, a change in law (including an amendment to the guidelines manual that has not been made retroactive), may be considered for purposes of determining the extent of any sentence reduction."

Quite obviously, the policy statement on extraordinary and compelling reasons reflected in § 1B1.13(b) was enacted after McCoy, so the decision in McCoy cannot be used as a basis to find extraordinary and compelling reasons for relief.

And, under the text of § 1B1.13(c), Hill's reliance on the decision in Norman cannot serve to establish an extraordinary and compelling reason for compassionate relief. However, the recent decision in Concepcion v. United States, 597 U.S. 481 (2022), although decided under Section 404 of the FSA, rather than Section 603 (the compassionate release section) teaches that, in modification of sentences that are permitted by law, district courts have discretion to consider changes in facts and in law. In other words, in Section 404 cases, Concepcion authorizes consideration of rehabilitation evidence as well as changes in the law. There is no reason why the reasoning that produced that concept in Concepcion in Section 404 cases should not be applied in Section 603 cases.

Concepcion was decided before the most recent amendment to § 1B1.13, but, the Guidelines are advisory and the decisions of

9

the Supreme Court are not. Therefore, because the reasoning of Concepcion, as to Section 404 motions, applies with equal force to Section 603 motions, a change in the law can provide the predicate for a finding of extraordinary and compelling reasons for compassionate release.

The papers in this case (ECF Nos. 58, 64, and 67) address, to some extent, the effect of § 1B1.13(b)(6) and (c). However, they do not take into account the effect of the decision of the Supreme Court of the United States in Concepcion. And, although the papers do address the disparity of sentence argument, they do not discuss the effect, if any, of Concepcion. Therefore, it is appropriate to deny the RENEWED MOTION without prejudice so that the issues can be considered within the proper framework.

## CONCLUSION

For the foregoing reasons, the RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 58) will be denied without prejudice.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2025